Chancellor Rutledge
afterwards delivered the décreé of the court:
In this case it was contended for complainants that the obligee hád an equitable lien on the lands in bill mentioned, no part of the purchase money having been paid, and to that point several cases were cited, which when examined are found generally not to apply. The case in Vernon* was between vendor and the assignee of the vendee, who had become bankrupt.- The court determined the vendor had a natural equity, and that the land should stand charged’ with so much of the debt as was unpaid. The cases in 2 Eq. Ca. Ab. 682, & 3 P. Wms. 307, were between the vendor and third persons, who had purchased from vendee, and had notice of the equitable incum-brance on the land. The purchase money not being paid it was held that was sufficient notice for them to withhold payment. The cases of Coppin v. Coppin, 2 P. Wms. 291, and Pollexfen v. Moor, in 3 Atk. 272, do not apply,; *520 and tbe question is not determined in Blackburne v. Gregory, 1 Brown, 420, for that case, was decided on another But in the case of Fawell v. Heelis, as reported in 1 Browrn, p. 421, in a note^ see also Ambler, 724, the point is determined that the vendor having taken bonds for the had no lien.
In England it is well known, that land, is not liable to the payment of debts, but in cases where the heir 'is specially bound; his right being peculiarly favoured and guarded. But in this country we all know that real and personal estate arc equally liable to the payment of debts, and the plaintiff may make his election out of what property he will have his debt satisfied. It is therefore absurd to talk of a bond creditor having an equitable lien on land he has sold, unless he has taken care to secure that lien by a mortgage, since whilst the debtor is alive, and indebted even on simple contract, if he is sued and judgment is obtained against him, any property heps possessed of, may be seized and sold to satisfy the judgment,’ if it is not secured by mortgage or otherwise. This has been. the law of this country for at least 60 years past. After the debtor’s death, the law then directs the order in which his debts are to be paid by his executors, and then for the first time a discrimination is made between creditors by-specialty, and those on simple contract. As the complainants then are not entitled to relief on the principle of an equitable lien in preference to other creditors, the next question is, whether the confiscation acts give them a preference ? The act of 1782, confiscates the real estate of Mr. Irvine, as a British subject.. He is not banished by that law', because he had never resided in this country. The act of 1783) declares that the creditors of confiscated estates by bond, bill, notes, or open account indiscriminately, where the estates are fully and clearly equal to the demands upon them, shall he paid their debts : Provided that nothing therein contained shall entitle any creditor to more than his proportion, where the estate is insufficient for the payment of its debts. The land in question, it is admit *521 ted, has not sold, for a sum su.tideiitto pay all the debts ; therefore under that law, the complainants debt cannot be fully satisfied 5 but complainants have taken to their aid, the act of 1784, for restoring to certain persons mentioned in list No', 1, thereto annexed, their estates, See. Unfortunately for complainant, Mr. Irvine’s name is not mentioned in the list, and therefore he could not, if alive have availed himself of the benefit of that law ; and if he could, the estate is nevertheless liable to an amercement, which the comptroller will deduct on a settlement with the creditors. Nor can complainants be benefited by the ordinance of 1784, because they have neither a mortgage or judgment to bind-the land.
It was further urged that the legislature intended to have given up the property altogether to Mr. Irvine’s representatives, and that one branch of the legislature had actually passed a resolution to that effect. Whatever may have been the intention of the legislature, it can only be known to the court, when it has been enacted into a law» Such a law has not been passed, and a resolution cannot repeal a positive law of the land.
The court are of opinion that the confiscation act of 1783, being unrepealed, the complainants can only be paid their demand in proportion with the other creditors of Mr. Irvine.
Costs to be paid out of the purchase money of the land.
See 1 Schoals and Lefroy, 132.

 1 Vern. 167, Chapman v. Turner..-